UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATTHEW J. McCOY,<br><br>              Petitioner,<br><br>v.<br><br>JOSH TEWALT,<br><br>              Respondent. | Case No. 1:22-cv-00267-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho prisoner Matthew J. McCoy, challenging Petitioner's state court conviction. *Dkt. 2.* Respondent has filed a Motion for Summary Dismissal, which is now ripe for adjudication. *Dkt. 9.*

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006). Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion for Summary Dismissal and dismissing this case with prejudice.

# BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. McCoy*, Docket No. 46436 (Idaho Ct. App. June 8, 2020) (unpublished), which is contained in the record at State's Lodging B-4. The facts will not be repeated here except as necessary to explain the Court's decision.

Following a jury trial in the First Judicial District Court in Kootenai County, Idaho, Petitioner was convicted of conspiracy to commit robbery, burglary, and two counts of battery with the intent to commit robbery. *State's Lodging B-4* at 1. He was sentenced to forty years in prison with fourteen years fixed.

Petitioner appealed, arguing that the trial court erred by (1) admitting hearsay evidence, (2) failing to provide a jury instruction on self-defense and defense of others, (3) overruling Petitioner's objection that the prosecutor misrepresented the burden of proof and denying Petitioner's motion for a mistrial, (4) committing cumulative error, (5) imposing an excessive sentence, and (6) denying Petitioner's motion for reduction of sentence under Idaho Criminal Rule 35. The Idaho Court of Appeals affirmed. *State's Lodging B-4*.

On March 1, 2021, the Idaho Supreme Court denied review and issued the remittitur. *State's Lodging B-7*. Petitioner did not seek review in the United States Supreme Court, nor did he file a state post-conviction petition.

On June 18, 2022 (at the earliest),[1] Petitioner filed the instant federal habeas corpus petition. *Dkt. 2*. The Petition asserts the following claims:

| | | |
|---|---|---|
| Claim 1: | | Hearsay evidence was improperly admitted. |
| Claim 2: | | The trial court erred by refusing to give jury instructions on self-defense and defense of others. |
| Claim 3: | | The prosecutor committed misconduct during rebuttal closing argument. |
| Claim 4: | | The trial court erred in denying Petitioner's motion for a mistrial. |
| Claim 5: | | Cumulative error. |
| Claim 6: | | Petitioner's trial counsel rendered ineffective assistance by "making a handshake deal with prosecution without [Petitioner's] knowledge to withdraw a motion to suppress." |
| Claim 7: | | Petitioner was subjected to a "*Miranda* rights violation." |
| Claim 8: | | Petitioner's right to counsel was violated when a deputy continued questioning Petitioner after he repeatedly invoked his right to counsel. |

*Id*. at 6–13.

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a

---

[1] Prisoners are usually entitled to the benefit of the "mailbox rule," which provides that a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

MEMORANDUM DECISION AND ORDER - 3

legal excuse for any failure to exhaust in a proper manner." *Dkt. 6* at 3. The Court also noted that some of Petitioner's claims appeared to be noncognizable because they are based on state, rather than federal, law. *Id*. at 4–5.

Respondent now argues that all claims in the Petition are barred by the statute of limitations, that Claims 1, 2, 4, and 5 are noncognizable, and that Claims 6, 7, and 8 are procedurally defaulted. For the reasons that follow, the Court agrees that Petitioner's claims are untimely and, therefore, need not address Respondent's other arguments.

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201; *Dawson*, 451 F.3d at 551 n.1. Where appropriate, as here, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

1.     **Standards of Law**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") generally requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review."[2] 28 U.S.C. § 2244(d)(1)(A). The first step in a statute of limitations analysis is determining the date when the petitioner's conviction became final.

Under 28 U.S.C. § 2244(d)(1)(A), the date of "finality" that begins the one-year time period is marked as follows, depending on how far a petitioner pursues his case:

| **Action Taken** | **Finality Occurs** |
|---|---|
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |

---

[2] Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

MEMORANDUM DECISION AND ORDER - 5

| | |
|---|---|
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

In each of the above instances, if the petitioner stops pursuing the case and does not take the next step within the time specified, "finality" is measured from entry of final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzalez v. Thaler*, 565 U.S. 134, 150-51 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001). That is, finality occurs on the date of the final order terminating direct review.

The one-year statute of limitations can be tolled (or paused) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 562 U.S. 545, 555-56 (2011). Thus, to the extent that a

petitioner properly filed an application for post-conviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed.

In addition to statutory tolling, equitable tolling can also apply to suspend the one-year limitations period. "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted). A habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). The petitioner bears the burden of showing a factual basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318 at n. 3 (9th Cir. 1999).

Equitable tolling is not justified by mere oversight. *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013). For an error to constitute an extraordinary circumstance warranting equitable tolling, the error must be "egregious." *Holland*, 560 U.S. at 651 (discussing attorney error).[3]

---

[3] In addition to statutory and equitable tolling, the statute of limitations is also subject to an actual innocence exception. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). However, Petitioner does not assert that he is actually innocent. *See* Dkt. *12*.

MEMORANDUM DECISION AND ORDER - 7

## 2.     All of Petitioner's Claims Are Barred by the Statute of Limitations

Because Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, Petitioner's conviction became final on May 31, 2021—90 days after the Idaho Supreme Court denied review and issued the remittitur in the direct appeal.[4] 28 U.S.C. § 2244(d)(1)(A); United States Supreme Court Rule 13. Absent tolling, the statute of limitations would expire one year later, on May 31, 2022. Because the Petition in this case was not filed until June 18, 2022, Petitioner's claims are time-barred unless Petitioner can establish that he is entitled to sufficient statutory or equitable tolling.

Petitioner has not done so. He is not entitled to statutory tolling because he did not file a state post-conviction petition under Idaho's Uniform Post-Conviction Procedure Act, Idaho Code § 19-4901 *et seq*. Petitioner did file a Rule 35 motion, which can qualify as a collateral relief application under § 2244(d)(2). However, because the trial court's denial of that motion was affirmed on the same date as Petitioner's convictions and sentences, the motion could not serve to toll AEDPA's statute of limitations.

Nor has Petitioner shown that he is entitled to equitable tolling. He does seek application of the mailbox rule, *see* Dkt. 12, but—as explained above—that rule

---

[4] The end of the 90-day period to seek review with the United States Supreme Court fell on May 30, 2021. Because that day was a Sunday, the 90-day period expired the next business day.

gives him a filing date of June 18, 2022. *See Pet.*, Dkt. 2, at 14 (showing a signature date of June 18, 2022). Even with the mailbox rule, Petitioner's federal petition was filed over two weeks after expiration of the limitations period. *See* n.2, *supra*.

Accordingly, the claims in the Petition are untimely and must be dismissed.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 9) is GRANTED, and the Petition (Dkt. 2) is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11.

DATED: May 31, 2023

B. Lynn Winmill
U.S. District Court Judge